## In re ANTOLDI'S ESTATE.*

### S. F. No. 4206; May 31, 1905.

#### 81 Pac. 278.

Appeal.—A Finding of Fact Which is not Attacked on the ground of insufficiency of evidence to sustain it is conclusive.

Will Contest—Appeal — Parties Aggrieved.—Will contestants who are not heirs at law of a testator, nor related to him, are not parties aggrieved by the denial of their motion for a new trial, within Code of Civil Procedure, section 938, providing that parties aggrieved may appeal.

APPEAL from Superior Court, City and County of San Francisco; J. V. Coffey, Judge.

In the matter of the estate of S. Antoldi, deceased. From an order denying a motion for a new trial in a contest of the will of deceased, Carolina Antoldi Casagrande and other contestants appeal. Dismissed.

A. D. Splivalo, R. W. Hent and J. A. Spinetti for appellants; G. W. McEnerney for respondent.

PER CURIAM.—This is an appeal from an order denying a motion of contestants for a new trial in a contest of the

*Rehearing denied June 30, 1905.

will of deceased. The present matter before the court is a motion of respondents to dismiss the appeal of contestants upon the ground that neither said Caroline A. Casagrande nor either of the other contestants is a party interested in said estate, or aggrieved by the order appealed from. The motion must be granted on the grounds urged.

· It affirmatively appears from the record that in the petition for the revocation of the will of deceased it was alleged by the contestants that they were the only blood relations and heirs at law of the testator. This was denied in the answer of the proponents of the will, and the court found directly in their favor—that contestants were not either heirs at law of the testator or related to him. Contestants gave notice of intention to move for a new trial, specifying as one of the grounds thereof the insufficiency of the evidence to sustain the findings. Subsequently they prepared and had settled a statement on motion for a new trial, and thereafter moved for a new trial, which was denied. In the specification of errors contained in the said statement there is no specification at all of any insufficiency of the evidence to justify the finding that contestants were not heirs at law or related to the testator. This finding, not being attacked, must stand as conclusively true, with the obvious legal result that, as the contestants are not any of them heirs at law of the testator, they are not parties interested in the estate, nor are they parties aggrieved, under section 938 of the Code of Civil Procedure, who alone are entitled to appeal.

The appeal for this reason is dismissed.